# IN THE COURT OF APPEALS OF IOWA

No. 23-1737
Filed January 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRENT NEAL SHAIKOSKI,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Winnebago County, Karen Kaufman Salic, Judge.

        A defendant appeals his conviction for felony eluding of a law enforcement vehicle, challenging the sufficiency of the evidence. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, Ashley Stewart (until withdrawal) and Rachel C. Regenold, Assistant Appellate Defenders, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

After he led police officers on a high-speed chase that started in Minnesota and ended with a rollover crash in Iowa, Brent Shaikoski was convicted of felony eluding in violation of Iowa Code section 321.279(3)(a) (2022). Shaikoski appeals that conviction,[1] claiming there was insufficient evidence he was driving the vehicle that eluded law enforcement in Iowa.

We review Shaikoski's challenge for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). In performing this review, "we are highly deferential to the jury's verdict," which is binding on this court "if the verdict is supported by substantial evidence." *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). While we consider all evidence in the record—not just evidence supporting guilt—we view that evidence "in the light most favorable to the State" and draw all "legitimate inferences and presumptions that may fairly and reasonably be deduced." *Cook*, 996 N.W.2d at 708 (citation omitted).

The evidence shows that on a cold night in December 2022, a police officer in Minnesota encountered Shaikoski and his companion, Jacquelynn Smith, standing outside of a truck parked in the middle of a gravel road. The truck was not running, and its lights were off. Both Shaikoski and Smith were very agitated as the officer approached them. The officer also noticed that Shaikoski's "eyes were extremely large" and his pupils were dilated, which the officer said was

---

[1] Shaikoski was also convicted of possession of methamphetamine, second offense, and operating while under the influence, third offense. He does not challenge those convictions on appeal.

"consistent with some type of chemical use." The officer asked Shaikoski for his identification, but their interaction quickly became heated.

The officer's body cam video shows Smith tried to calm Shaikoski down, but Shaikoski continued arguing with the officer, asking if he was under arrest. When the officer told Shaikoski that he had reasonable suspicion to investigate, Shaikoski started to walk back to the truck. The officer put a hand on Shaikoski's shoulder, and Shaikoski turned around, shouting, "Do not touch me!" After the officer pulled out his taser, Smith stepped in between him and Shaikoski. While Smith was blocking the officer, Shaikoski got into the truck through the passenger side door. He climbed over to the driver's side and started the truck. Smith quickly hopped into the passenger side before the truck sped off. The officer radioed dispatch with the truck's license plate number before returning to his squad car.

The officer testified that he maintained visual contact with the truck "[f]airly consistently" while turning his car around to pursue Shaikoski. He followed the truck for miles, losing sight of its taillights only "where we were going up and down hills." But as the officer would "come to the top of the hill, the truck would still be in motion." The officer never saw the truck stop. More officers joined the pursuit as the truck entered Iowa, where it topped speeds of 115 miles per hour. The chase ended when the truck failed to negotiate a turn on a gravel road and rolled over onto its passenger side.

Officers waited several minutes for a shield and K9 unit before approaching the truck. Once they did, they saw Smith sitting on the passenger side door, essentially on top of Shaikoski. The officers broke out the truck's rear window and pulled her out. Shaikoski was lying with his feet near the driver side of the vehicle

and his body on the floorboard of the passenger side. To remove Shaikoski, officers had to cut the passenger seatbelt, which was wrapped around him but not buckled. They found a small plastic baggie with methamphetamine in Shaikoski's right front pocket. Shaikoski and Smith were then transported to the hospital, where they were treated for minor injuries. A blood specimen obtained from Shaikoski at the hospital was positive for methamphetamine and amphetamines.

At the scene, Smith told officers that she did not remember who was driving the truck. But her story changed at the hospital. An officer testified that when he interviewed Smith at the hospital, she told him "that at some point, not knowing when, . . . they switched drivers and that she was the driver when they crashed the vehicle." The officer who filed the criminal charges against Shaikoski explained that, while he "cannot 100 percent say [Shaikoski] was driving," it was "highly improbable they were able to switch while in the middle of a pursuit, especially with the way that the road conditions were on gravel" and the rate of speed. That officer also believed the way Shaikoski's body was contorted was not natural or "what one would think in an accident how they would be sitting."

After hearing this evidence, the jury found Shaikoski guilty of felony eluding, the first element of which required the State to prove that Shaikoski "was driving a motor vehicle in the State of Iowa."[2] On appeal, Shaikoski argues the State failed to prove that element because "[m]ultiple officers testified that as the truck entered the state, they were unable to identify the driver." He also notes that "dashcam footage revealed several instances where [the pursuing officer] lost sight of the

---

[2] The jury was also instructed that this was the first element of Shaikoski's unchallenged conviction for operating while intoxicated.

truck's taillights," during which Shaikoski and Smith could have switched seats. And Shaikoski posits that the position of his body in the truck after the accident "was ambiguous at best." Shaikoski argues that these deficiencies, coupled with Smith's statements that she was driving, mean "there was no evidence that Shaikoski was driving." We disagree.

Accepting Shaikoski's arguments would require us "to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence." *State v. Brown*, 5 N.W.3d 611, 616 (Iowa 2024) (citation omitted). But that is not our job on appeal—"such matters are for the jury." *Id.* (citation omitted); *see also State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022) ("Appellate review of the jury's verdict is not the trial redux."). The ultimate question for us is whether the evidence "supports the finding actually made, not whether the evidence would support a different finding." *Jones*, 967 N.W.2d at 339.

Using their common sense and crediting the testimony of the officers involved in the pursuit, the jury was free to reject Shaikoski's claim that Smith took over driving in the middle of the high-speed chase. *See State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) ("It is also for the jury to decide which evidence to accept or reject."); *see also State v. Manning*, 224 N.W.2d 232, 236 (Iowa 1974) ("Matters of common knowledge and experience may be used by jurors in arriving at their verdict and in drawing inferences and reaching conclusions from the evidence." (citation omitted)). The State presented testimony from the officers and video evidence that allowed the jury to determine the plausibility of that explanation. *See State v. Serres*, No. 23-1618, 2024 WL 4965892, at *5 (Iowa Ct.

App. Dec. 4, 2024) (finding video evidence could aid the jury in determining whether officer identification was reliable).

Viewing that evidence in the light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that Shaikoski kept driving the car as the chase progressed into Iowa.[3] *See Brown*, 5 N.W.3d at 616 (finding sufficient evidence to support jury's determination that defendant was the eluding driver where police officer saw driver's face during pursuit, officer identified defendant in court, and evidence connected defendant to vehicle); *State v. Shears*, No. 16-0532, 2017 WL 702367, at *2 (Iowa Ct. App. Feb. 22, 2017) (finding the jury could credit an officer's identification over a passenger's testimony claiming another person was the driver). We accordingly affirm Shaikoski's conviction for eluding.

**AFFIRMED.**

---

[3] Given this conclusion, we need not address Shaikoski's challenge to the sufficiency of the evidence supporting the State's alternate theory that if Shaikoski was not the driver, he aided and abetted Smith in eluding law enforcement. *See* Iowa Code § 814.28; *see also State v. Triplett*, No. 19-1902, 2021 WL 3074475, at *1 (Iowa Ct. App. July 21, 2021) (holding that under Iowa Code section 814.28, "we are required to affirm if at least one of the alternatives presented to the jury is supported by substantial evidence").